**GOODALL et ux. v. DEAN.**    (No. 6369.)

(Court of Civil Appeals of Texas. Austin. Oct. 26, 1921. On Rehearing Dec. 15, 1921.)

On Rehearing.

**1. Courts ⚖121(4)—Amount involved held to be over $200, giving county court jurisdiction.**

In an action to recover a sum paid for a cow, which failed to give the quantity of milk guaranteed, to cancel a note for an additional sum agreed to be paid for another cow received on return of the first, and to recover the value of the feed furnished and labor expended in milking both cows, together with a third cow received in exchange for the second, both of which latter also failed to give the quantity of milk guaranteed, where an exhibit to the petition alleged the quantity and market price per week of the feed furnished all the cows, the reasonable value of plaintiff's services in caring for them and the market value of the milk received per day, which sums for the number of days plaintiff cared for the last cow, as alleged in the petition, less the value of the milk for such period, totaled, together with the original purchase price, the amount of the note and medical attention for the last cow, over $200, besides interest, the county court had jurisdiction.

**2. Appeal and error ⚖1177(6) — Cause remanded for determination of possible question of fact.**

Where a general demurrer was sustained to a petition, and on appeal it was determined that demurrer could not be sustained on ground of amount in controversy, the cause will be remanded, where petition discloses possible questions of fact.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by George W. Goodall and wife against J. J. Dean. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

S. J. T. Smith, of Waco, for appellants.
Sam E. Stratton, of Waco, for appellee.

JENKINS, J. Appellants, George W. Goodall and his wife, M. E. Goodall, brought this suit against appellee, alleging that about the 18th of August, 1918, appellee sold and delivered to Mrs. M. E. Goodall a milk cow, guaranteeing that she would give as much as 2½ gallons of milk per day, for which cow Mrs. Goodall paid the sum of $90. This cow failed to give the quantity of milk guaranteed; and thereafter, on or about February 12, 1920, by agreement of said parties, this cow was returned to appellee, and ap-

pellants received another cow, under like guaranty, agreeing to pay an additional sum of $40 for this second cow, for which appellant Mrs. Goodall executed her individual note; that the second cow failed to give the quantity of milk guaranteed by appellee, and thereafter, on or about March 8, 1920, appellants exchanged this cow for another cow, with like guaranty upon the part of said Dean; that the third cow failed to give the quantity of milk guaranteed, and, also, had a wire or some substance in her lungs, and was not in sound condition. This last cow was tendered back to appellee, and appellants prayed to recover the sum of $90, paid by them to Dean, and the cancellation of the note for $40, executed by Mrs. Goodall.

Appellants further alleged that, in order to test the cows mentioned, it became necessary to feed them and to milk them, and that the feed furnished said cows and the labor in milking them were worth the sum of $150, and that all of the milk obtained from said cows was not worth exceeding the sum of $50; that appellee refused to take back the last-mentioned cow, and that the feed necessary for her up to the time of trial, added to the feed heretofore furnished said cows and the labor in milking them, will be worth at least the sum of $200; that it became necessary for appellants to employ a veterinary surgeon to treat the last-mentioned cow, for which they paid the sum of $3, and that this was a reasonable price for such services.

Appellants prayed that upon final hearing hereof they have judgment for the sum of $90, together with interest thereon at 6 per cent. per annum from the date of the payment thereof; for the sum of $100 for extra labor and trouble incident to milking, doctoring, caring for, and feeding said cows, same being the amount over and above the value of all milk procured from same; for the sum of $200 for feed purchased and fed to said cows; and for the sum of $3 for treatment of the last-mentioned cow by the veterinary; for the cancellation and delivery of the $40 note, executed by appellants to appellee; and to cancel a mortgage given on the last-mentioned cow to secure payment of this note.

Appellee filed a general exception, in addition to a number of special exceptions which need not be discussed. The court sustained the general demurrer, and dismissed this cause. The issue here presented is whether or not the county court had jurisdiction to try this cause.

We sustain the contention of appellee that the pleadings in this case show that the first and second transactions were settled before delivery of the third cow to appellants, and that, admitting all of the facts alleged by appellants to be true, the measure of appellants' recovery would be the $90 paid for the last cow, the $3 paid the vet-

erinary, and the cancellation of the $40 note. These sums do not aggregate $200, and therefore the county court had no jurisdiction to try this cause. The petition does not show how much was expended in feeding the last-mentioned cow, and therefore as that amount cannot be added, there is nothing to show that the county court had jurisdiction.

Believing that the trial court correctly ruled that the case was not within the jurisdiction of that court, we affirm the judgment herein.

Affirmed.

### On Rehearing.

[1] Upon further consideration, we have concluded that we fell into error in holding that we did not have jurisdiction in this cause.

Plaintiff's petition herein alleged the amounts which he claimed by virtue of the three transactions with reference to the cows in the aggregate. We were of the opinion that the second transaction canceled the contract with regard to the first cow, and that the only amount in controversy was the expenses incurred with reference to the third cow, the amount paid, and the note sought to be canceled, which, as stated in our opinion herein, was less than $200. However, our attention has been called to the fact that there is an exhibit to plaintiff's petition, and made a part thereof, which reads as follows:

"That during all the time plaintiff fed said respective cows from August 18, 1919, to September 29, 1920, plaintiff purchased at least one sack of meal per week at the reasonable market price of $1.85 per sack, * * * and that during said time she purchased for said respective cows and fed them per week 1½ bales of hay, which plaintiff purchased at the reasonable price of 75 cents per bale; * * * that the reasonable value of the services of plaintiff in feeding, caring for, and looking after said respective cows was and is 30 cents per day; * * * and that the market value of the milk per day from said cows was not more than 7½ cents per pint, or a total of 10 cents per day."

The petition shows the number of days that the plaintiff fed, milked, and cared for the last cow. Thus it will be seen that the amount in controversy, as alleged by the petition, is the

| | |
|---|---|
| Price paid for the cow | $ 90 00 |
| The note in question | 40 00 |
| Medical attention for last cow | 3 00 |
| Feed for last cow, 6 months and 21 days | 80 32 |
| Personal services at | 60 00 |
| Total | $273 32 |
| Less value of milk for 6 months and 21 days | 20 10 |
| Total | $253 22 |

—besides interest.

[2] We are inclined to think that we were in error in holding that plaintiff's petition

showed that he was entitled to recover only for the transaction with reference to the last cow.

The court below sustained a general demurrer, and this appeal is from that judgment. It may perhaps become a question of fact upon another trial of this cause whether the sale of the first cow was a sale and guaranty of that cow as to quantity of milk, and that the sale of the second and third cows were separate transactions, or whether the whole transaction was the sale of *a* cow, guaranteed to give a certain quantity of milk, and the delivery of the three cows at separate times in an attempted fulfillment of the one contract to furnish a cow giving a guaranteed quantity of milk.

For the reasons stated, the motion for rehearing is granted, and this cause is reversed and remanded for a new trial.

Motion granted.

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes